```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT
```

DOREEN CAMP ET AL.,             :
                                :
     Plaintiff,                 :
                                :
     v.                         :    CASE NO. 3:10CV1403(RNC)
                                :
LUPIN PHARMACEUTICALS, INC.,    :
                                :
     Defendant.                 :


## RULING ON DISCOVERY MOTIONS

The plaintiffs bring this collective action under the Fair Labor Standards Act claiming entitlement to unpaid overtime wages. Pending before the court are the defendant's Motion to Compel depositions of all opt-in plaintiffs, doc. #79, and the plaintiffs' Motion for a Protective Order, doc. #82, to preclude or limit further depositions.  District Judge Robert N. Chatigny referred the motions to the undersigned for a ruling.  (Docs. #81, #83.)  The court heard oral argument on the motions on November 8, 2011.

   A.  <u>Motion to Compel; Motion for Protective Order</u>

The defendants seek to depose all of the 30 opt-in plaintiffs in light of the small size of the class and the failure of plaintiffs' counsel to raise objections to any deposition until the discovery period was near its close.  The plaintiffs object, contending that a sufficient sample of

plaintiffs has been deposed and further depositions would be unnecessarily burdensome to geographically distant plaintiffs.

The "pooling of resources" and "efficient resolution" of claims were among Congress's purposes in authorizing collective actions under the FLSA. See Lynch v. United Services Auto. Ass'n, 491 F. Supp. 2d 357, 367 (S.D.N.Y. 2007) (citing Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 170 (1989)). Accordingly, some courts have limited depositions to a representative sample. See, e.g., Higueros v. New York State Catholic Health Plan, Inc., No. 07cv418, 2009 WL 3463765, at *2 (E.D.N.Y. Oct. 21, 2009) (declining to allow depositions of all opt-in plaintiffs where defendant had deposed 10 of 47 plaintiffs in addition to receiving answers to interrogatories and document requests). Other courts have permitted depositions of all opt-in plaintiffs where "a class is small and the deposition is related to the question of whether the individual plaintiffs are similarly situated within the meaning of the FLSA." Hill v. R±L Carriers Shared Services, LLC, No. 09cv1907, 2010 WL 3769247, at *2 (N.D. Cal. Sept. 22, 2010).

Here, although a third of the plaintiffs have been deposed, those deponents were not selected by the defendant and there is no measure by which to verify that they constitute a representative sample of the class. The court permits the defendant to take the depositions of 9 more opt-in plaintiffs.

2

Any such depositions must be completed no later than January 13, 2012.[1]

With respect to hardship, the parties agree that depositions can be facilitated if deponents are not required to travel to Hartford.  The parties are encouraged to resolve this issue without further intervention by the court.  If they cannot reach a resolution by December 1, 2011, they either may contact Judge Martinez for assistance in reaching a compromise or file appropriate motions.

    B.  <u>Status Conference</u>

A telephonic status conference with Judge Martinez will be held on January 18, 2012 at 11:00 a.m.  Counsel for the plaintiffs shall initiate the call to chambers at (860) 240-3605 with all counsel on the line.

    C.  <u>No Settlement Conference Scheduled</u>

Based on the parties' current positions, it does not appear that a settlement conference would be productive at this time. If these circumstances change and parties wish to schedule a settlement conference, they may contact chambers.

---

[1] This extended deadline applies only to the 9 additional depositions.  The deadline for all other discovery has passed.

SO ORDERED at Hartford, Connecticut this 22nd day of November, 2011.

```
_____/s/_____
Donna F. Martinez
United States Magistrate Judge
```